283 F.2d 728
 Hamish Scott MacKAY, Appellant,
v.
James L. TURNER, District Director, District 31, Immigration and Naturalization Service, United States Department of Justice, and all persons acting under or through him, Appellees.
Willia NIUKKANEN, also known as William Niukkanen, also konwn as William Albert Mackie, Appellant,
v.
James L. TURNER, District Director, District 31, Immigration and Naturalization Service, United States Department of Justice, and all persons acting under or through him, Appellees.
 No. 17124.
 No. 17123.
 United States Court of Appeals Ninth Circuit.
 October 24, 1960.
 
 Gerald H. Robinson, Peterson & Lent, Portland, Or., for appellants.
 C. E. Luckey, U. S. Atty., Portland, Or., for appellee.
 Before POPE, MERRILL and KOELSCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In each of these cases appellants seek to appeal from orders denying their petitions in the district court asking review of orders directing their deportation. They have presented motions to enjoin and stay their deportation pending such appeals and have asked to be enlarged upon bail. Previously the same appellants have sought review of the orders for their deportation by petitions filed in the district court and by appeals from the orders denying such petitions. In each case, this court has affirmed the district court's denial of relief. MacKay v. Boyd, 9 Cir., 218 F.2d 666, MacKay v. McAlexander, 9 Cir., 268 F.2d 35, Niukkanen v. McAlexander, 9 Cir., 265 F.2d 825. In the MacKay cases the Supreme Court denied certiorari, 350 U.S. 840, 76 S.Ct. 78, 100 L.Ed. 749, and 362 U.S. 961, 80 S.Ct. 875, 4 L.Ed.2d 876. The decision in the Niukkanen case was affirmed in MacKay v. McAlexander, 362 U.S. 390, 80 S.Ct. 799, 4 L.Ed.2d 816.
 
 
 2
 The matters now before us are new efforts on behalf of each of these appellants to obtain a review and a setting aside of the same deportation orders.
 
 
 3
 While the petitioners have sought to add to the grounds presented for setting aside their deportations some new contentions not previously presented, such as the one that Congress lacks constitutional power to provide for the deportation of an alien lawfully admitted for permanent residence; that the legislation under which deportation was ordered was violative of the first amendment to the Constitution, and in violation of the Fifth Amendment; that petitioners were entitled to a jury trial and that their deportation would constitute cruel and unusual punishment, it is plain that for the reasons stated in the opinions of the trial court in these two cases that these contentions are without merit. See also Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586, and Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911. The language used in the last named case particularly at pages 530 and 531 (page 742 of 74 S.Ct.) discloses that the Supreme Court in dealing with the problems of due process and of ex post facto legislation in connection with deportation has made it plain that it has carefully considered arguments similar to the ones here presented and has found itself without power to qualify the scope of political discretion in such matters which belong to Congress.
 
 
 4
 The motions for restraining orders, for stays of deportation, and for admission to bail are all denied in their entirety.